United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM TAIPEI DISTRICT COURT IN TAIPEI, TAIWAN IN THE MATTER OF JOHN CHEYU WU V. YING TUNG CHEN

Case No. 26-mc-80184-JST

**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

Re: ECF No. 1

Before the Court is Petitioner United States of America's ex parte application for a discovery order pursuant to 28 U.S.C. § 1782 in aid of a foreign proceeding. ECF No. 1. The Court will grant the motion.

## I. BACKGROUND

The United States received a request for judicial assistance from the Taipei District Court in Taipei, Taiwan ("Taiwanese Court") because that court had issued a 'letters rogatory request' seeking to obtain information from Intuit Mint Bills, Inc. ("Mint") and Robinhood Markets, Inc. ("Robinhood") in connection with the civil proceeding, *John Cheyu Wu v. Ying Tung Chen*, Foreign Reference No. 111 Family Property Litigation No. 13. ECF No. 1 at 4. The matter involves the distribution of the remainder of marital property following the divorce of Wu and Chen. *Id.* The Taiwanese Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. through diplomatic channels. The request was then forwarded to the Office of the United States Attorney for the Northern District of California for execution.

## II. LEGAL STANDARD

A district court has the authority to grant a Section 1782 application if the following

statutory requirements are met: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). To satisfy the statute's requirements, the foreign proceeding need only be "within reasonable contemplation," not "'pending' or even 'imminent.'" *Id.* (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258-59 (2004)).

Even if an application satisfies the statutory requirements, however, the district court retains substantial discretion in deciding whether to grant or deny the request. *Intel Corp.*, 542 U.S. at 260-61. In making this decision, courts consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance," (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.

"Section 1782 petitions are regularly reviewed on an ex parte basis." *In re Ex Parte Appl. Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). Although ex parte applications are generally disfavored, the usual concerns associated with them are mitigated here because, upon the grant of a Section 1782 application, the opposing party typically retains the right to "raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash." *Id.*

## III. DISCUSSION

### A. Statutory Requirements

This application satisfies the statutory requirements of Section 1782. First, Mint and Robinhood are based in San Francisco, which is within the Northern District of California. ECF No. 1 at 7. Second, the requested documents are to be used in a Taiwanese civil action in a district

court in Taiwan. *Id.* at 7–8. The discovery is accordingly for use in a proceeding before a foreign tribunal. 28 U.S.C. § 1782(a). Third, the application has been made by a foreign tribunal, the district court in Taiwan. *Id*. Accordingly, all three of the statutory factors have been met.

**B. Discretionary Factors**

The first discretionary factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding," *Intel Corp.*, 542 U.S. at 244, because "the key issue is whether the material is obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 (quoting *Varian Med. Sys.*, 2016 WL 1161568, at *3). The United States asserts that Mint and Robinhood are not parties to the foreign proceeding and appear to be outside the jurisdictional reach of the Taiwanese courts. ECF No. 1 at 9. Accordingly, this factor weighs in favor of granting the application. *See Intel Corp.*, 542 U.S. at 264; *In re Request for Judicial Assistance from Obolonskyi Dist. Ct. in Kyiv, Ukraine*, No. 20-mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020).

The second factor evaluates the "nature of the foreign tribunal," "character of proceedings underway abroad," and "receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance." *Id.* at 264. As the Taiwanese Court initiated this request, it is receptive to the assistance of this Court. This factor weighs in favor of granting the application.

The third factor considers whether the application "conceals an attempt to circumvent" Taiwanese discovery rules. *Intel Corp.*, 542 U.S. at 265; ECF No. 1 at 4. Because nothing in the application evinces such an attempt and the Taiwanese Court originated the request, the Court finds that the third factor also weighs in favor of granting the application.

Finally, the fourth factor evaluates whether the requested information is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. The petition seeks documents from Mint and Robinhood that identify account balances on specified dates. ECF No. 1 at 10. Nothing about the request suggests an undue burden. The fourth factor thus weighs in favor of granting the application.

Accordingly, the statutory requirements are met, and the discretionary factors favor granting the application.

**CONCLUSION**

For the foregoing reasons, the Court grants the application and hereby orders that the United States is authorized to issue a subpoena to Robinhood and Mint as reasonably necessary to obtain the information sought in the Section 1782 application, subject to the following conditions:

1. At the time of service of the subpoena, United States must also serve a copy of this Court's order on Robinhood and Mint.

2. If Robinhood or Mint seek to file a motion to quash or modify, they shall do so within 14 days of service. Otherwise, Mint and Robinhood shall, within the same time period, provide a copy of the subpoena and this order to all person(s) whose information would otherwise be produced in response to the subpoena.

3. Any motions to quash or modify by those person(s) must be filed within 28 days of service of the subpoena on Robinhood and Mint.

4. The filing of a motion to quash or modify will stay production until the Court has an opportunity to rule on the motion. Robinhood and Mint shall preserve the responsive information sought by the subpoena pending resolution of such a motion.

5. If no motion to quash or modify is filed, then Mint and Robinhood shall produce the responsive information within 35 days of service of the subpoena on them. Mint shall provide the balance of the Bright Start College Saving Program account (account number 452978155) under the name of John Cheyu Wu as of September 23, 2001[1] and December 14, 2021. Robinhood shall provide the balance of account number 5QZ37712 in the name of John Cheyu Wu on September 23, 2021 and December 14, 2021.

/ / /

/ / /

/ / /

/ / /

/ / /

[1] The selection of a 2001 date sees incongruous, but it is the one proposed by the United States. See ECF No. 1-1 at 9.

United States District Court
Northern District of California

The Clerk shall close the file. The case will be automatically reopened if a motion to quash or modify the subpoena is filed.

**IT IS SO ORDERED.**

Dated: September 28, 2026

JON S. TIGAR
United States District Judge